## Marushak v. Marushak

*James C. Lanshe*, for plaintiff.

KOCH, J., May 8, 1962.—The record papers submitted with the report of the master and examiner

indicate that defendant was served with a copy of the complaint at Moyamensing Prison, 10th and Reed Streets, Philadelphia, and a copy of the master's notice of hearing at the Eastern State Penitentiary, 21st Street and Fairmount Avenue, Philadelphia, where he is serving a term of imprisonment. The master's report fails to indicate the other steps which are necessary to properly advise an incarcerated defendant of his rights in a divorce proceeding.

It must be observed that the form of master's notice utilized in this jurisdiction provides, after stating the time and place of hearing, as follows: ". . . when and where you may appear with witnesses in your behalf if you see fit and proper so to do." We need not dwell at length upon the proposition that a prisoner is indeed in a quite different situation than the ordinary defendant and should be given a more detailed notice of his rights with respect to being heard. In the absence of an adequate notice, we entertain grave doubt as to the validity of any decree entered in behalf of plaintiff.

We are in accord with the following principle: ". . . notice . . . must not only be given to defendant but, at the same time, he must be advised that in the event he desires to apppear, proper steps will be taken so that he may appear and defend the action, if he so desires": Davidson v. Davidson, 1 D. & C. 2d 71. See also Smith v. Smith, 18 D. & C. 2d 623; Knable v. Knable, 67 D. & C. 380. Obviously, if defendant indicates that he desires to appear, a writ of habeas corpus ad testificandum will be issued.

### Order

Now, May 8, 1962, the within case is referred back to the master and examiner for the purpose of fixing a further hearing and giving notice thereof to defendant in accordance with the foregoing opinion.